Bell Oldsmobile, Inc. v. Commissioner.
Bell Oldsmobile, Inc. v. Commissioner
Docket No. 85928.
United States Tax Court
T.C. Memo 1963-76; 1963 Tax Ct. Memo LEXIS 268; 22 T.C.M. (CCH) 330; T.C.M. (RIA) 63076; March 15, 1963
*268 Paul T. Smith, Esq., 209 Washington St., Boston, Mass., and Manuel Katz, Esq., for the petitioner. John R. Berman, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined deficiencies in income tax against petitioner in the amounts of $36,680.59 and $10,118.57 for 1956 and 1957, respectively. The principal adjustments responsible for these deficiencies are no longer in dispute. There remains in controversy a single issue whether in the circumstances of this case the unexpended portions of travel and entertainment allowances, paid by petitioner during these years to its two principal officer-stockholders, are deductible by it as additional compensation for their services. The facts have been fully stipulated. Petitioner, a Massachusetts corporation engaged in business as an automobile dealer, filed its original and amended income tax returns for 1956 and 1957 with the district director of internal revenue for the district of Massachusetts. During 1956 and 1957 Morris E. Bell and Alexander Bell were the principal officers and substantial stockholders of the corporation. They were its only compensated officers, and were also on *269 its board of directors, which had three members. At a meeting of the board of directors on February 6, 1956, the salary of each of the Bells was fixed $52,000 per year "in addition to any money or monies to be drawn by them for any entertainment and expenses." At the same meeting they adopted the following resolution, which the parties stipulate is applicable to both 1956 and 1957: In the event that monies drawn by Alexander Bell or Morris E. Bell for entertainment and expenses in behalf of this corporation any unexpended sums to be considered wages in addition to the fifty-two thousand ($52,000.00) dollars herein before referred to. During 1956 and 1957, respectively, Morris and Alexander each received $52,400 and $51,933.33 as compensation for services rendered to petitioner. In 1956 and 1957 Morris and Alexander each received identical travel and entertainment allowances, in the amounts of $5,400 and $7,800, respectively. However, it is stipulated that each of them expended only $3,120 for such purposes during each of the years. Thus there remained unexpended in the hands of each of them $2,280 in 1956 and $4,680 in 1957. Petitioner did not declare or pay any dividends *270 during 1956 and 1957. It had an earned surplus of not less than $14,554.09 as of December 31, 1955, an earned surplus of not less than $39,865.45 as of December 31, 1956, and an earned surplus of not less than $55,541.62 as of December 31, 1957. Its gross sales were $5,477,166.30 in 1956 and $5,213,976.46 in 1957. In its income tax returns for the years 1956 and 1957, petitioner deducted as business expenses the amounts paid by it to Morris and Alexander for travel and entertainment expense. The Commissioner contends that the portions of those amounts which were not expended in each year for such purposes were not deductible but were instead merely nondeductible distributions of corporate earnings. Neither Morris nor Alexander included the unexpended portion of the travel and entertainment allowance in his own income tax returns for the years 1956 and 1957. After the Commissioner determined the deficiencies against petitioner, each of them consented to adjustments increasing his own taxable income in the amount of $2,280 for 1956 and $4,680 for 1957. The parties have stipulated that in making these consents Morris and Alexander were in no way admitting for themselves or for the *271 petitioner that the amounts added to their taxable income weer dividends to them instead of additional compensation. And they have further stipulated that to the extent that any portion of these amounts "shall be deemed to be additional compensation, such increment shall not constitute excessive or unreasonable compensation." We hold that in the circumstances of this case the unexpended portions of the allowances constituted additional compensation. The question is primarily one of fact, and it is proper to examine with special scrutiny the contention that amounts paid out by a corporation to controlling stockholders represent compensation for services rather than disguised dividends or other nondeductible distributions. Cf. ; , affirmed (C.A. 6). In this case, however, we are satisfied on the record before us that the unexpended portions of the allowances qualify as additional compensation. They were comparatively minor in amount, being less than 10 percent of the fixed salaries in one year and less than 5 percent in the other; the corporate minutes *272 early in 1956 explicitly provided that any such unexpended portions of the allowances were to be treated as compensation; and the parties herein have stipulated that these amounts do "not constitute excessive and unreasonable compensation." This is not a case where a corporation has paid out disguised dividends and has sought to characterize them belatedly as compensation for services. Although it is true that the corporate resolution in 1956 was the product of those who controlled the corporation and benefited from it, we see no reason in this case to refuse to give effect to it where the Government has agreed that the amounts in question would not result in excessive or unreasonable compensation. Decision will be entered under Rule 50.